# IN THE SUPREME COURT OF IOWA

No. 22–1727

Submitted May 31, 2023—Filed June 16, 2023

**SILAS RICHARDSON,**

Appellant,

vs.

**GINA JOHNSON,** Individually and in Her Official Capacity with the Muscatine County Sheriff's Office; **JANE DOE,** Individually and in Her Official Capacity with the Muscatine County Sheriff's Office; **JORDAN RABON,** Individually and in His Official Capacity with the Polk County Sheriff's Office; **RANDALL RODISH,** Individually and in His Official Capacity with the Polk County Sheriff's Office; **C.J. RYAN,** Individually and in His Official Capacity as Muscatine County Sheriff; **DEAN NAYLOR,** Individually and in His Official Capacity as Muscatine County Jail Administrator; **MATT MCCLEARY,** Individually and in His Official Capacity as Muscatine County Jail Administrator; **KEVIN SCHNEIDER,** Individually and in His Official Capacity as Polk County Sheriff; **MUSCATINE COUNTY, IOWA;** and **POLK COUNTY, IOWA,**

Appellees.

---

Certified questions of law from the United States District Court for the Southern District of Iowa, Rebecca Goodgame Ebinger, United States District Court Judge.

A federal district court certified four questions of Iowa law in a case including direct damage claims under the Iowa Constitution. **CERTIFIED QUESTIONS ANSWERED.**

Per curiam.

Matthew M. Boles, Christopher C. Stewart, and Adam C. Witosky of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant.

Wilford H. Stone and Daniel M. Morgan of Lynch Dallas, P.C., Cedar Rapids for appellees Gina Johnson, Jane Doe, C.J. Ryan, Dean Naylor, Matt McCleary, and Muscatine County, Iowa.

Kimberly Graham, County Attorney, and Meghan Gavin, Assistant County Attorney, Des Moines, for appellee Polk County, Iowa.

Brenna Bird, Attorney General, Eric Wessan, Solicitor General, and Tessa M. Register, Assistant Solicitor General, for amicus curiae State of Iowa.

**PER CURIAM.**

A federal inmate was assaulted and injured by a fellow inmate while in the Polk County jail. Muscatine County officials had just transported both inmates together from the Muscatine County jail. The inmate alleges that his injuries occurred because Muscatine County officials disregarded a "Keep Separate" designation for the two inmates, because Polk County officials ignored similar warnings, and because Polk County officials were slow in responding to the altercation. The injured inmate brought claims in state court under 42 U.S.C. § 1983, Iowa common law, and article I, section 17 of the Iowa Constitution. The defendants removed the case to federal court.

Following removal, on October 13, 2022, the United States District Court for the Southern District of Iowa certified the following questions of state law to us:

> i. Does a direct cause of action exist under Article I, §17 of the Iowa Constitution for an alleged failure to protect an inmate from assault by another inmate?
>
> ii. Can municipal officers be sued in their individual capacities for a claimed violation of Article I, §17 of the Iowa Constitution?
>
> iii. Is qualified immunity or "all due care" immunity applicable to alleged violations of Article I, §17 of the Iowa Constitution for individual officers?
>
> iv. Is qualified immunity or "all due care" immunity applicable to alleged violations of Article I, §17 of the Iowa Constitution for municipalities?

Iowa Code section 684A.1 (2022) governs our power to answer certified questions. It provides,

The supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States, a United States district court or the highest appellate court or the intermediate appellate court of another state, when requested by the certifying court, if there are involved in a proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the appellate courts of this state.

*Id.*

These criteria were met when the district court certified the foregoing questions to us. However, on May 5, 2023, our court decided *Burnett v. Smith,* ___ N.W.2d ___, 2023 WL 3261944 (Iowa May 5, 2023). Overruling *Godfrey v. State,* 898 N.W.2d 844 (Iowa 2017), *overruled by Burnett,* ___ N.W.2d ___, 2023 WL 3261944, we held that "we no longer recognize a standalone cause of action for money damages under the Iowa Constitution unless authorized by the common law, an Iowa statute, or the express terms of a provision of the Iowa Constitution." *Burnett,* ___ N.W.2d at ___, 2023 WL 3261944, at *16. Article I, section 17 of the Iowa Constitution does not expressly provide a cause of action. Therefore, we conclude that the answer to the first certified question is "no."

In light of our answer to the first certified question, the remaining certified questions are no longer applicable.

**CERTIFIED QUESTIONS ANSWERED.**

This opinion shall not be published.